## INMAN v. SILVER FLEET OF MEMPHIS, TENN., et al.

### No. 1735.

Court of Appeal of Louisiana. First Circuit.

July 30, 1937.

For former opinion, see 175 So. 436.

J. H. Inman, of Ponchatoula, and S. S. Reid, of Amite, for appellant.

Wm. A. Porteous, of New Orleans, and Ponder & Ponder, of Amite, for appellees.

PER CURIAM.

The plaintiff and appellant has filed an application for a rehearing in this case. A reconsideration of the reasons given by us in our opinion in affirming the judgment which dismissed the suit has not convinced us of any error in our decree on the merits.

However, two of the defendants, the Silver Fleet of Memphis, Inc., and the Central Surety and Insurance Corporation, have filed an application for a rehearing or for a correction of our opinion wherein the following statement was made:

"The Hester Truck Lines, Inc., filed an exception of vagueness and of no cause or right of action. We find no exceptions in the record by either of the other defendants nor do the minutes show that these other defendants filed any exceptions. The judgment recites that the exception of no cause of action is sustained and plaintiff's suit dismissed. Plaintiff has appealed."

A re-examination of the record shows that the above statement is correct. There are no exceptions of vagueness and of no cause or right of action in the record filed by the Silver Fleet of Memphis nor the above insurance company. Neither does the abstract of minute entries show the filing of any such exceptions by these two defendants. The only entry in the minutes by which it might be inferred that there were any exceptions filed in the case is under date of January 22, 1937, wherein it is stated that on motion of H. R. Reid, on behalf of J. H. Inman, it is ordered that the exceptions in this case be assigned for January 29, 1937. As we found only the exception of vagueness and of no cause or right of action filed by the Hester Truck Lines, Inc., in the record, we assumed that this entry referred to these exceptions.

The minute entry of January 29, 1937, shows that the case came up on that day on the "exception" and after a hearing was submitted on briefs to be filed in five days. The next minute entry is under date of March 22, 1937, stating that the case having been previously heard on exception of no cause or right of action, the court sustained the exception.

The judgment (after the caption) reads as follows:

"The exception of no cause of action having been heretofore argued and submitted to the Court, was taken up this day for decision and, the law and the evidence being in favor thereof, it is by reason of the law and the evidence:

"Ordered, Adjudged and Decreed that there be judgment herein sustaining the exception of no cause of action and hence dismissing plaintiff's suit at his costs.

"Judgment rendered, read and signed in open Court at Amite, Louisiana, this 22nd day of March, 1937."

It will be thus seen from the above history and record of the case that the judgment dismissing the suit seems to be based on the exception filed by the Hester Truck Lines, Inc., only. However, in the application now filed in this court by the other two defendants it appears that they filed a similar exception as that of the other defendant. Through some oversight the filing of these exceptions and action thereon by the court, if any, was not shown on the minute entries.

These two defendants have filed with their application certified copies of these exceptions showing that they were filed in the lower court on January 22, 1937.

In the absence of a motion to amend the judgment appealed from, we do not feel disposed to amend that judgment so as to show what exceptions were sustained; that is, whether or not all of the exceptions were sustained or only one, as the judgment might seem to indicate.

As it appears from the letter of the clerk of the district court filed with the applications, that the original exceptions filed by these two defendants might be lost or misplaced, it is apparent that the transcript as filed in this court is not complete. Instead of having the certified copies of these exceptions filed in the transcript at this time, and in view of the fact that there appears considerable doubt as to whether all the exceptions filed were sustained, we believe it best to remand the case to enable these two defendants to have the transcript completed by filing therein these exceptions, or certified copies thereof, and take such proceedings in the lower court as may be necessary and proper to show what action, if any, was taken on these exceptions; all to the end that the case may be properly disposed of as to them, the transcript to be returned to this court on or before the 15th day of October 1937.

It is further ordered that the application for a rehearing filed by plaintiff herein be held in abeyance until the return of the transcript to this court, and for such action as the court may take thereon.